# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-45257** |
| Petters Company, Inc., et al.,<br>      Debtors. | Court File No. 08-45257 |
| (includes: | Court Files Nos.: |
| Petters Group Worldwide, LLC; | 08-45258 (GFK) |
| PC Funding, LLC; | 08-45326 (GFK) |
| Thousand Lakes, LLC; | 08-45327 (GFK) |
| SPF Funding, LLC; | 08-45328 (GFK) |
| PL Ltd., Inc.; | 08-45329 (GFK) |
| Edge One LLC; | 08-45330 (GFK) |
| MGC Finance, Inc.; | 08-45331 (GFK) |
| PAC Funding, LLC; | 08-45371 (GFK) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the<br>court-appointed Chapter 11 Trustee of<br>Debtors Petters Company, Inc. and<br>PL Ltd., Inc., | |
|       Plaintiff, | |
| vs. | ADV. NO. 10-04396 |
| Westford Special Situations Master Fund, L.P.;<br>et al., | |
|       Defendants. | |

## NOTICE OF HEARING AND MOTION TO DISMISS OF
## DEFENDANT EPSILON GLOBAL ACTIVE VALUE FUND II, LTD.

TO:    Plaintiff, Douglas A. Kelley, and all other parties entitled to notice.

      1.      Defendant Epsilon Global Active Value Fund II, Ltd. ("Epsilon II Feeder Fund"),

by its undersigned counsel, hereby moves the Court for an Order dismissing the above-captioned

Adversary Proceeding with prejudice and give notice of hearing herewith.

2.     The Court will set a date and time for hearing on this Motion at 1:30 p.m. on April 5, 2011, in Courtroom 2A, before the Honorable Gergory F. Kishel, Chief Judge of United States Bankruptcy Court, 200 Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.  Any response to this motion must be filed and served in accordance with the briefing schedule to be determined by the Court.  UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING

3.     This Motion arises under Fed. R. Bankr. P. 7012 and Local Rule 7007-1.  This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rule 9013-1 and 9013-2.  By this Motion and for the reasons stated in the accompanying Memorandum of Law, Epsilon II Feeder Fund requests that the Court dismiss the above-captioned Adversary Proceeding with prejudice pursuant to Rules 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure.

4.     This Motion is supported by the accompanying Memorandum of Law, Declaration of Stephen Osmont and related exhibits.

WHEREFORE, Epsilon II Feeder Fund respectfully request that the Court enter an Order dismissing with prejudice the above-captioned Adversary Proceeding in its entirety pursuant to Rules 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure and granting such other and further relief as the Court deems just and proper

Dated:  February 18, 2011                    BRIGGS & MORGAN, P.A.

                                             By:   /e/ Richard D. Anderson
                                                  Richard D. Anderson (#2306)
                                                  Marcus A. Ploeger (#0390172)
                                             2200 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN 55402
                                             Telephone:    (612) 977-9400
                                             Fax:          (612) 977-8650
                                             Email:        randerson@briggs.com

2500058v1

FOSTER PEPPER PLLC

By: _/e/ Jack Cullen_____
    Jack Cullen (*Pro Hac Vice Pending*)
    Samuel T. Bull (*Pro Hac Vice Pending*)

1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Telephone:    (206) 447-4400
Facsimile:    (206) 447-9700
Email:    jc@foster.com

*Counsel to Defendant Epsilon Global Active Value Fund II, Ltd.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,
Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under
Case No. 08-45257**

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtors Petters Company, Inc. and
PL Ltd., Inc.,
Plaintiff,

vs.

Westford Special Situations Master Fund, L.P.;
et al.,

Defendants.

ADV. NO. 10-04396

## MEMORANDUM IN SUPPORT OF EPSILON II FEEDER
## FUND'S MOTION TO DISMISS

# I. INTRODUCTION

Epsilon Global Active Value Fund II, Ltd. ("Epsilon II Feeder Fund") respectfully requests that the Court dismiss the Trustee's claims against Epsilon II Feeder Fund for those reasons articulated in the Motion to Dismiss concurrently filed by the other Epsilon and Westford Defendants in this adversary proceeding.

Epsilon II Feeder Fund is a British Virgin Islands company that has invested exclusively in Epsilon Global Active Value Master Fund II, L.P., a Cayman Islands Limited Partnership. There is no evidence that Epsilon II Feeder Fund has ever invested with Petters Company, Inc. ("PCI") or PL Ltd., Inc. ("PL"). Because Epsilon II Feeder Fund has never invested in PCI or PL and because it has only invested in Epsilon Global Active Value Master Fund II, L.P., in the event that this Court dismisses the Trustee's claims against Epsilon Global Active Value Master Fund II, L.P., it must also dismiss the claims against Epsilon II Feeder Fund.

# II. RELEVANT FACTS

A. **Epsilon II Feeder Fund Is A British Virgin Islands Company.**

Epsilon II Feeder Fund is a British Virgin Islands ("BVI") company, organized under BVI law. (Osmont Decl., Ex. A) Epsilon II Feeder Fund was originally named "Westford Investment Fund Ltd." but changed its name in October 2001. (Id. Ex. B.)

Epsilon II Feeder Fund has only limited corporate documentation relating to its historic business activities. (Osmont Decl. ¶ 4.) Epsilon II Feeder Fund's current directors, Gareth Thomas and Pacot Limited, were appointed on June 2, 2010. (Id. Ex. C.) Mr. Thomas and Pacot Limited's appointments came in the midst of litigation between SCERS and various Epsilon entities, including Epsilon II Feeder Fund. During the litigation Seattle City Employees' Retirement System ("SCERS"), a 95% shareholder of Epsilon II Feeder Fund voted its super majority shareholder interest in Epsilon II Feeder Fund to remove Epsilon II Feeder Fund's

3592798v1

previous directors and appoint Mr. Thomas and Pacot Limited.  (Id. ¶ 4.)  Following their appointment, Epsilon II Feeder Fund's new directors did not receive any corporate documentation from their predecessors.  (Id)  The limited corporate documentation that they do possess was acquired from their request for documents from HWR Services Limited, Epsilon II Feeder Fund's former registered agent in the BVI.  (Id)

B.     **Upon Information And Belief, Epsilon II Feeder Fund Has Never Conducted Any Business in Minnesota And Has Never Invested In PCI Or PL.**

The directors of the Epsilon II Feeder Fund are not aware of any information suggesting that Epsilon II Feeder Fund has ever invested in PCI or PL.  (Osmont Decl. ¶ 5.)  Rather, Epsilon II Feeder Fund is one of two "feeder funds," both of which invested <u>exclusively</u> in shares of a "master fund," Epsilon Global Active Value Master Fund II, L.P., a Cayman Islands Limited Partnership.   (Osmont Decl., Ex. D (Began Declaration) and Ex. E (Offering Memorandum)). Epsilon II Feeder Fund does not have any control over investments made by Epsilon Global Active Value Master Fund II, L.P.  (Id. ¶ 5.)  Epsilon II Feeder Fund has not had any interaction with PCI or PL since the appointment of Epsilon II Feeder Fund's new directors in June 2010.  (Id.)

## III.    ARGUMENT

As discussed in the Facts section, above, Epsilon Feeder Fund II possesses very limited historic corporate documentation.  It does not possess historic investment data or historic shareholder data.  Because of this, it is not in position to verify the Epsilon/Westford-specific facts contained in the motion to dismiss filed by the other Epsilon/Westford Defendants.  However, to the extent that the Court grants the motion to dismiss filed by the other Epsilon and Westford Defendants, it should also dismiss the Trustee's claims against Epsilon II Feeder Fund.  Epsilon II Feeder Fund invested exclusively in Epsilon Global Active Value Master Fund II, L.P.

and never invested in either PCI or PL.  Because of this, the Trustee's claims against Epsilon II

Feeder Fund necessarily require a finding of liability against Epsilon Global Active Value

Master Fund II, L.P. as a necessary prerequisite to any potential liability for Epsilon II Feeder

Fund.  Therefore, in the event that the Court dismisses the Trustee's claims against Epsilon

Global Active Value Master Fund II, L.P. it should also dismiss the Trustee's claims against

Epsilon II Feeder Fund.

## IV.   CONCLUSION

For the foregoing reasons, Epsilon II Feeder Fund respectfully requests that the Court

dismiss the claims brought by the Trustee against it in this adversary proceeding.

Dated:  February 18, 2011          BRIGGS & MORGAN, P.A.

By:  ___*/e/ Richard D. Anderson*___
     Richard D. Anderson (#2306)
     Marcus A. Ploeger (#0390172)

2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:     (612) 977-8400
Fax:            (612) 977-8650
Email:        randerson@briggs.com

FOSTER PEPPER PLLC

By:  ___*/e/ Jack Cullen*___
     Jack Cullen (*Pro Hac Vice Pending*)
     Samuel T. Bull (*Pro Hac Vice Pending*)

1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
Telephone:     (206) 447-4400
Facsimile:     (206) 447-9700
Email:        jc@foster.com

*Counsel to Defendant Epsilon Global Active Value
Fund II, Ltd.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,
           Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

Jointly Administered under
Case No. 08-45257

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

---

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtors Petters Company, Inc. and
PL Ltd., Inc.,

           Plaintiff,

vs.

Westford Special Situations Master Fund, L.P.;
et al.,

           Defendants.

ADV. NO. 10-04396

---

## DECLARATION OF STEPHEN OSMONT IN SUPPORT OF EPSILON II FEEDER FUND'S MOTION TO DISMISS

---

STEPHEN OSMONT hereby declares:

1.    I am over eighteen years of age and competent to testify in this matter.

2.    I am Manager, Fund Services, Ogier Fiduciary Services (BVI) Limited, the current registered agent of Epsilon Global Active Value Fund II, Ltd. ("Epsilon II Feeder Fund"). I have been closely involved with the BVI aspects of the Epsilon II Feeder Fund in an administrative function since June 2, 2010 when the current board was appointed.

Osmont Declaration In Support Of Motion To Dismiss- 1
Case No. 08-45257
Adv. No. 10-04396

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51128012.1

3. Epsilon II Feeder Fund is a British Virgin Islands ("BVI") company, organized under BVI law. Epsilon II Feeder Fund was originally named "Westford Investment Fund Ltd." but changed its name in October 2001. Attached as Exhibit A is the Memorandum of Association of Epsilon II Feeder Fund. Attached as Exhibit B is a copy of the corporate resolution whereby the name change was authorized and documented and a copy of the Certificate of Incorporation verifying the name change.

4. Epsilon II Feeder Fund has only limited corporate documentation relating to its historic business activities. Epsilon II Feeder Fund's current directors, Gareth Thomas and Pacot Limited, were appointed on June 2, 2010. Mr. Thomas and Pacot Limited's appointments came in the midst of litigation between Seattle City Employees' Retirement System ("SCERS") and various Epsilon entities, including Epsilon II Feeder Fund. During the litigation SCERS voted its super majority shareholder interest[1] in Epsilon II Feeder Fund to remove Epsilon II Feeder Fund's previous directors and appoint Mr. Thomas and Pacot Limited. Following their appointment, Epsilon II Feeder Fund's new directors did not receive any corporate documentation from their predecessors. The limited corporate documentation that they do possess, they acquired from their request for documents from HWR Services Limited, Epsilon II Feeder Fund's former registered agent in the BVI. Attached as Exhibit C is a copy of the Written Resolution Of Members removing the previous directors of Epsilon II Feeder Fund and appointing Gareth Thomas and Pacot Limited as directors of Epsilon II Feeder Fund.

5. The current directors of the Epsilon II Feeder Fund are not aware of any information suggesting that Epsilon II Feeder Fund has ever invested in Petters Company, Inc. ("PCI") or PL Ltd., Inc. ("PL"). Rather, it is my understanding that Epsilon II Feeder Fund is one of two "feeder funds," both of which invested exclusively in shares of a "master fund," Epsilon Global Active Value Master Fund II, L.P., a Cayman Islands Limited Partnership.

---

[1] Seattle City Employees' Retirement Systems owns approximately 95% of Epsilon II Feeder Fund's shares.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

Epsilon II Feeder Fund does not have any control over investments made by Epsilon Global Active Value Master Fund II, L.P. Epsilon II Feeder Fund has not had any interaction with PCI or PL since the appointment of Epsilon II Feeder Fund's new directors in June, 2010. Attached as Exhibit D is a copy of a sworn declaration filed by Edmund P. Bergan, Jr., Epsilon II Feeder Fund's former general counsel, in which he testified that Epsilon II Feeder Fund invested exclusively in Epsilon Global Active Value Master Fund II.[2] (Bergan Decl. 2:39-43.) Attached as Exhibit E is an excerpt from an Epsilon II Feeder Fund Offering Memorandum stating that proceeds from the purchase of shares in the Epsilon II Feeder Fund are "invested though a 'master-feeder' fund structure in Epsilon Global Master Fund II, L.P." (Page 1.)

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 18th day of February, 2011 in Road Town, Tortola, British Virgin Islands.

_____
Stephen Osmont

---

[2] While Mr. Bergan's declaration refers to the master fund as Epsilon Global Active Value Master Fund II, Ltd, all of the relevant documents refer to the master fund as L.P.,

Osmont Declaration In Support Of Motion To Dismiss- 3
Case No. 08-45257
Adv. No. 10-04396

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51128012.1

# EXHIBIT A

TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(CAP 291)

MEMORANDUM OF ASSOCIATION

OF

WESTFORD INVESTMENT FUND LTD.

NAME

1. The name of the Company is Westford Investment Fund Ltd.

REGISTERED OFFICE

2. The Registered Office of the Company will be at Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

REGISTERED AGENT

3. The Registered Agent of the Company will be HWR Services Limited, Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands.

GENERAL OBJECTS AND POWERS

4. (1) The object of the Company is to engage in any act or activity that is not prohibited under any law for the time being in force in the British Virgin Islands.

   (2) The Company may not:

   (a) carry on business with persons resident in the British Virgin Islands;

   (b) own an interest in real property situate in the British Virgin Islands, other than a lease referred to in paragraph (e) of subclause (3);

   (c) carry on banking or trust business, unless it is licensed under the Banks and Trust Companies Act, 1990;

   (d) carry on business as an insurance or reinsurance company, insurance agent or insurance broker, unless it is licensed under an enactment authorising it to carry on that business;

1

(e)     carry on the business of company management, unless it is licensed under the Company Management Act, 1990; or

(f)     carry on the business of providing the registered office or the registered agent for companies incorporated in the British Virgin Islands.

(3)     For purposes of paragraph (a) of subclause (2), the Company shall not be treated as carrying on business with persons resident in the British Virgin Islands by reason only that:

(a)     it makes or maintains deposits with a person carrying on banking business within the British Virgin Islands;

(b)     it makes or maintains professional contact with solicitors barristers, accountants, bookkeepers, trust companies, administration companies, investment advisers or other similar persons carrying on business within the British Virgin Islands;

(c)     it prepares or maintains books and records within the British Virgin Islands;

(d)     it holds, within the British Virgin Islands, meetings of its directors or members;

(e)     it holds a lease of property for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained;

(f)     it holds shares, debt obligations or other securities in a company incorporated under the International Business Companies Act or under the Companies Act; or

(g)     shares, debt obligations or other securities in the Company are owned by any person resident in the British Virgin Islands or by any company incorporated under the International Business Companies Act or under the Companies Act.

(4)     The Company shall have all such powers as are permitted by law for the time being in force in the British Virgin Islands, irrespective of corporate benefit, to perform all acts and engage in all activities necessary or conducive to the conduct, promotion or attainment of the object of the Company.

CURRENCY

5.      Shares in the Company shall be issued in the currency of the United States of America.

2

## AUTHORISED CAPITAL

6.      The authorised capital of the Company is US$50,000.00.

## CLASSES, NUMBER AND PAR VALUE OF SHARES

7.      The authorised capital is made up of one class and one series of 5,000,000 shares of US$0.01 par value each.

## DESIGNATIONS, POWERS, PREFERENCES, ETC. OF SHARES

8.      (1)     Each Share will carry the right to one vote.

        (2)     The Share shall carry the right to participate equally in the assets of the Company, including any dividends, and distributions of the Company on a winding up.

        (3)     The Shares may be redeemed by the Company or at the option of the holders thereof according to the terms and conditions as set forth in the Articles of Association annexed hereto (the "Articles").

        (4)     Subject to the foregoing, the designations, powers preferences, rights, qualifications limitations and restrictions of each class and series of shares that the Company is authorized to issue shall be fixed by Resolution of Directors, but the directors shall not allocate different rights as to voting, dividends, redemption or distributions on liquidation unless the Memorandum of Association creates or shall have been amended to create separate classes of shares and all the aforesaid rights as to voting, dividends, redemption and distributions shall be identical in each separate class.

## VARIATION OF CLASS RIGHTS

9.      The rights attached to any class or series of shares (unless otherwise provided by the terms of issue of the shares of that class or series) may not be varied, whether or not the Company is being wound up, without the consent in writing of the holders of not less than three-fourths of the issued shares of that class or series and of the holders of not less than three-fourths of the issued shares of any other class or series of shares which may be affected by such variation.

## RIGHTS NOT VARIED BY THE ISSUE OF SHARES PARI PASSU

10.     The rights attached to the shares shall not, unless otherwise expressly provided by the terms of issue, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith. This clause shall not be construed to grant the holders of the shares of any class issued with preferred or other rights pre-emptive or similar.

REGISTERED SHARES

11. Shares in the Company may only be issued as registered shares and may not be exchanged for shares issued to bearer.

TRANSFER OF SHARES

12. Subject to the provisions relating to transfer in the Articles, shares in the Company may be transferred subject to the prior consent of the Company as evidenced by a resolution of directors and the Investment Manager.

AMENDMENT OF MEMORANDUM AND ARTICLES OF ASSOCIATION

13. The Company may amend its Memorandum of Association and the Articles by a Resolution of Members or by a Resolution of Directors.

DEFINITIONS

14. The meanings of words in this Memorandum of Association are as defined in the Articles.

We, HWR Services Limited, of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands for the purpose of incorporating an International Business Company under the laws of the British Virgin Islands hereby subscribe our name to this Memorandum of Association the 30th day of May, 2001 in the presence of:

Witness                                        Subscriber


Nicole Hodge                                   Kieron O'Rourke
Craigmuir Chambers                             Authorised Signatory
Road Town, Tortola                             HWR Services Limited

4

# EXHIBIT B

**WESTFORD INVESTMENT FUND LTD.**
("the Company")
(An International Business Company)

TRUE COPY OF A RESOLUTION OF THE SOLE DIRECTOR OF THE COMPANY
PASSED ON 26 OCTOBER, 2001:

"IT IS RESOLVED that the name of the Company be changed to Epsilon Global Active
Value Fund II Ltd and that the Memorandum and Articles of Association of the Company
be amended accordingly."

Dated this 30th day of October, 2001

HWR SERVICES LIMITED
Registered Agent

## TERRITORY OF THE BRITISH VIRGIN ISLANDS

## THE INTERNATIONAL BUSINESS COMPANIES ACT
### (CAP.291)

### CERTIFICATE OF INCORPORATION    (SECTION 11)

No. 446831

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES

pursuant to the International Business Companies Act, (Cap.291) that

Epsilon Global Active Value Fund II Ltd.

is incorporated in the British Virgin Islands as an International Business

Company, and that the former name of the said company was

Westford Investment Fund Ltd.

which name has been changed 30th day of October, 2001 to

Epsilon Global Active Value Fund II Ltd.

Given under my hand and seal at
Road Town, in the Territory of the
British Virgin Islands

REGISTRAR OF COMPANIES



CRTI0140

# EXHIBIT C

## EPSILON GLOBAL ACTIVE VALUE FUND II, LTD.
### (THE "COMPANY")

### WRITTEN RESOLUTIONS OF MEMBERS
adopted pursuant to Regulation 99 of the Memorandum and Articles of Association of the
Company (the "Articles of Association")

WHEREAS, it was noted that the undersigned Member, Seattle City Employees' Retirement System (the "SCERS"), has revoked the designation of Proxy and appointment of Attorney-in-Fact granted to the Company's administrator, Equinoxe Alternative Investment Services (Ireland) Limited ("Equinoxe"), so that it can vote its shares in the Company any way it chooses, including by voting its shares by written resolution pursuant to the provisions of Regulation 99 of the Articles of Association;

WHEREAS, the Members wish to remove the Company's current directors, Messrs. Steve G. Stevanovich and Alberto Clodoaldo d' Abreu de Paulo (the "Current Directors") pursuant to Regulation 103 of the Articles of Association;

WHEREAS, immediately prior to the removal of the Company's two current directors, the Members wish to elect and appoint Pacot Limited and Gareth Thomas (both of whom have provided prior written consent to act) as replacement directors of the Company to serve until the earlier of their death, resignation or removal;

WHEREAS, following the appointment of Pacot Limited and Gareth Thomas as directors of the Company, the Members also wish to instruct the directors to remove all of the current officers of the Company (if any) with immediate effect;

Accordingly, the undersigned, being the members of the Company, do hereby adopt the following written resolutions:

RESOLVED, that the Members hereby remove the Current Directors as directors of the Company, effective immediately, and the Current Directors shall immediately cease to have any authority over the affairs of the Company in any way as directors of the Company;

RESOLVED, that, having received written consent to act, Pacot Limited and Gareth Thomas are hereby appointed as directors of the Company, immediately prior to the removal of the Current Directors, so that immediately following the removal of the Current Directors, Pacot Limited and Gareth Thomas shall be the all of the directors of the Company;

RESOLVED, that, the Members hereby instruct the directors to remove all of the current officers of the Company (if any) with immediate effect;

RESOLVED, that the Company's administrator, Equinoxe, and the Company are hereby instructed and directed to deliver a copy of these resolutions to all the members of the Company not consenting to these resolutions, which shall include all members of the Company that have not executed a counterpart of these resolutions, so that the Company complies with Regulation 99 of its Articles of Association, requiring that when Members of the Company take action by written resolution, notice to the non-consenting Members be delivered to them (and the Members do not have and have not been provided copies of the names or contact information of the non-consenting Members);

RESOLVED, that the Members direct the Company's administrator, Equinoxe, to deliver copies of all books and records that Equinoxe has in its possession or control to any members of the Company that request such information in writing; and

RESOLVED, that the Company's newly-elected directors, Pacot Limited and Gareth Thomas, are hereby authorized and empowered to take all actions necessary to effectuate the foregoing resolutions, and are empowered to execute all such instruments, documents and certificates and to take such other actions as they may deem necessary or desirable to effect the intent and purposes of the foregoing resolutions.

RESOLVED, that HWR Services Limited, being the registered agent of the Company, be and is hereby authorised and instructed to update the Register of Directors of the Company accordingly;

RESOLVED, that Ogier be and they are hereby authorised and instructed to notify the Financial Services Commission ("FSC") of the aforementioned appointment;

RESOLVED, that if any of the above actions have taken place prior to execution of these resolutions, they be and hereby are, approved and ratified in all respects; and

RESOLVED, that these resolutions may be signed in counterpart, and if different counterparts shall bear different dates, then these resolutions shall take effect on the latest date on any such counterpart.

Date: June _2_, 2010

MEMBERS:

Name of Member:
Seattle City Employees' Retirement System

By: _____
Name: Cecelia M. Carter
Its:     Executive Director

Name of Member (Entities):

_____

By: _____
Name: _____
Its: _____

Name of Member (Individuals):

_____

_____

2

— 6

# EXHIBIT D

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| SEATTLE CITY EMPLOYEES' RETIREMENT SYSTEM, an agency of the City of Seattle,<br><br>                    Plaintiff,<br><br>          v.<br><br>EPSILON GLOBAL ACTIVE VALUE FUND II, LTD., a British Virgin Islands corporation, EPSILON GLOBAL MASTER FUND II, L.P., a limited partnership formed under the laws of the Cayman Islands, EPSILON INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company, EPSILON GLOBAL ASSET MANAGEMENT LTD., a corporation formed under the laws of the Cayman Islands, and STEVEN G. STEVANOVICH, a resident of Florida,<br><br>                    Defendants. | No. 10-2-10235-3 SEA<br><br>DECLARATION OF EDMUND P. BERGAN, JR., IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

I, EDMUND P. BERGAN, JR., hereby declare as follows:

1.      _Identity and Competency._  I am General Counsel and Chief Compliance Officer

of Epsilon Investment Management LLC and its Affiliates.  I have been a member of the Bar of

the State of New York since 1976 and have spent my entire professional career in the field of

DECLARATION OF EDMUND P. BERGAN, JR. – 1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

73288-0001/LEGAL17992622.1

securities law in general and the laws applicable to investment managers and investment companies in particular. I make this Declaration based upon personal knowledge, about which I am competent to testify.

2. <u>Knowledge of Epsilon Global Active Value Fund II Ltd</u>. In my capacity as General Counsel and Chief Compliance Officer for Epsilon Investment Management LLC (the "Manager") and its affiliates, I am knowledgeable about Epsilon Global Active Value Fund II Ltd. ("Epsilon II" or "the Company"), which is the fund in which plaintiff Seattle City Employees' Retirement System ("the Retirement System") invested several years ago.

3. <u>Epsilon II Intends to Remove this Case to Federal Court</u>. Based on the diversity of citizenship of the parties in this case, Epsilon II presently intends to remove this proceeding to the United States District Court for the Western District of Washington if and when the jurisdictional minimum amount in controversy is at issue, and perhaps to seek transfer of the case to a more convenient forum.

4. <u>Epsilon II is a British Virgin Islands Entity</u>. Epsilon II is a British Virgin Islands ("BVI") company, organized under and created subject to BVI law. Epsilon II originally was named "Westford Investment Fund Ltd." but underwent a name change in 2001, at which time the Company's corporate formation documents were properly amended to reflect the name change. Attached as Exhibit 1 is a true and correct copy of the corporate resolution whereby the name change was authorized and documented, and attached as Exhibit 2 is a true and correct copy of the Certificate of Incorporation verifying the name change. Epsilon II is one of two "feeder funds," both of which invest exclusively in shares of a master fund, Epsilon Global Active Value Master Fund II Ltd, a Cayman Islands company, which in turn invests in a portfolio of investment securities having the characteristics and risks disclosed in substantial detail in the Company's Offering Memorandum. The other feeder fund is Epsilon Global Active Value Fund II LP, a Delaware limited partnership. This particular structure, employing a

DECLARATION OF EDMUND P. BERGAN – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Cayman Islands master fund and BVI and Delaware feeder funds, is very common in the investment companies industry.

5. <u>BVI Law Applies</u>. It is black letter law that questions pertaining to the legal rights and duties as between a shareholder of a company and the company are matters governed by the law of the jurisdiction in which the company is organized. Thus, a great many prominent U.S. companies are organized under the laws of the State of Delaware, and the rights of such a company's shareholders as against the company are matters of the company's charter and by-laws written in conformity with, and interpreted according to the standards of, Delaware law. Similarly, a majority of U.S. the registered investment companies (mostly mutual funds) are Maryland corporations, and such a company's duties to shareholders and the rights of its shareholders are matters of Maryland law. Finally many unregistered investment companies such as Epsilon II are organized under, and subject to, the laws of the British Virgin Islands. Epsilon II's governing documents have been drafted in accordance with BVI law, and BVI law governs relations, rights and duties as between Epsilon II and its shareholders. In this particular instance, it is my understanding, based on my own knowledge of the Company's corporate documents and its operations and activities, as well as based on the information and advice provided to me by the Company's BVI legal counsel, that BVI law applies to this dispute. Epsilon II does business in the BVI, which is where it has its headquarters, principal place of business, and is otherwise domesticated. The Company operates only as a BVI corporation. The most substantial contacts the Company has with any single country are the ones it has with the BVI. All of the officers and directors of the Company serve pursuant to BVI law. Moreover, in the Complaint filed by the Retirement System in this action alleges violations of BVI law, specifically under Section 184G of the British Virgin Islands Business Companies Act of 2004. (Complaint at para. 36-39.) Neither the Washington State Securities Act nor any federal securities statutes are cited in the Complaint, nor is there any cause of action alleging a violation of the Washington State Securities Act or any federal securities statute.

DECLARATION OF EDMUND P. BERGAN – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6.     Memorandum of Association. Attached as Exhibit 3 is a true and correct copy of the original Memorandum of Association of Epsilon II. The Memorandum of Association is one of the controlling documents governing the affairs of Epsilon II. As indicated therein:

a.  The registered office of Epsilon II is in the BVI.

b.  The Company's registered agent is a resident of the BVI.

c.  The Company operates according to what is permitted under the laws of the BVI, and it has all powers permitted by the laws of the BVI.

7.     Articles of Association. Attached as Exhibit 4 is a true and correct copy of the Articles of Association of Epsilon II. The Articles of Association is another of the controlling documents governing the affairs of Epsilon II. In pertinent part, they provide that:

a.  The shares of the Company, other than original shares issued, are valued as of their Net Asset Value (para. 14).

b.  No shares may be redeemed during any period when determination of Net Asset Value of shares is suspended (para. 61).

c.  Any member who requests a redemption of shares and who does not withdraw such request due to the Company suspending determinations of Net Asset Value of shares shall have his or her request honored on the first Redemption Date following termination of the suspension period (para. 61).

d.  Determination of Net Asset Value is prescribed by paragraphs 69-78. Under these provisions, the Net Asset Value is calculated as of the last business day of each month in each year.

e.  The directors of the Company are authorized to suspend the determination of Net Asset Value, and the redemption and issuance of shares on the occurrence of certain events, which are identical to the provisions for suspension set for the in the Offering Memorandum (para. 76).

DECLARATION OF EDMUND P. BERGAN – 4

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

8.      _Offering Memorandum_.. The Retirement System invested in Epsilon II in 2003 and 2004. The investments were made pursuant to the Company's Offering Memoranda and two executed Subscription Agreements, all of which are attached to the Carter Declaration filed in support of Motion for Temporary Restraining Order as Exhibits A-E. Approximately $20,000,000 was invested in two separate and equal investments of $10,000,000 each in December 2003 and December 2004. The Offering Memoranda indicated to investors that the shares offered were "speculative and involve a high degree of risk".

9.      _Annual Report with Audited Financial Statement_ The Articles of Association, in particular paragraphs 154-160 thereof, contemplate that the Company will prepare "periodically" a profit and loss statement and a balance sheet, and that the Company may call for such accounts to be audited by auditors. In practice, the Company has retained PricewaterhouseCoopers Accountants N.V. ("PwC"), in Rotterdam, The Netherlands, each year since Company's inception to furnish an Annual Report with Audited Financial Statements for each fiscal year of the Company, which is on a calendar year fiscal year. The Offering Memorandum states that such report is due within 120 days of the year following fiscal year-end December 31. This deadline is not embodied in the Articles of Association, which indeed incorporate no such deadline, but rather in the Limited Partnership Agreement of the Company's sister fund, Epsilon II LP. The Annual Report with Audited Financial Statement is prepared by PwC. Although the financial statements are the Company's, the "audit" is the product of PwC after undergoing various audit procedures with regard to the information contained in the Company's financial statements. The Company does not have the ability or the authority to issue an audited financial statement—it must be prepared by an independent firm such as PwC.

10.     _2007 Audited Financial Statements_. The most recent Annual Report with Audited Financial Statements issued by Epsilon II is for fiscal year 2007. It was included as Exhibit K to the Carter Declaration filed in support of Motion for Temporary Restraining Order (entitled "Director's report and financial statements for year ended December 31, 2007").

DECLARATION OF EDMUND P. BERGAN – 5

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

11.   2009 Audited Financial Statements.  The 2009 Annual Report with Audited
Financial Statements is not yet due.

12.   2008 Audited Financial Statements.  Substantial work was done by PwC the 2008
Annual Report with Audited Financial Statements, and the 2008 Annual Report was near
completion by December 2009.  However, PwC has not yet issued the 2008 Annual Report for
reasons which are discussed in the Manager's letter to the shareholders (including the Retirement
System) of all funds under the management of the Manager and its affiliate, Westford Asset
Management LLC ("Westford"), dated February 4, 2010 (the "February 4 Letter") annexed to
the Carter Declaration (as Exhibit G) submitted by Plaintiff.  Neither Epsilon II nor the Manager
is able to require PwC to issue an audit opinion if it has decided not to do so.  Epsilon II did
provide to PwC all information requested during the course of performing its audit procedures.
As discussed in the aforementioned February 4 Letter, the 2008 audits conducted by PwC were
sufficiently elaborate that the 2008 Annual Reports were not scheduled to be released until late
December 2009 or early January 2010.  Also as discussed in the February 4 Letter,  the fact of
an SEC investigation of one of Epsilon II's affiliated funds, Westford Special Situations Fund
("Westford Fund"), caused the auditors to suspend temporarily their efforts to complete the audit
and issue their opinion.  Inasmuch as by late January 2010 the SEC's investigation and PwC's
suspension of its efforts to complete the 2008 Annual Report had begun to delay the Annual
Report beyond its scheduled completion date, and based on the advice of counsel, Epsilon II
made the decision to suspend redemptions as of February 4, 2010, as it is authorized to do under
the terms of the Articles of Association and as disclosed in its Offering Memorandum.  In
addition, the Company was advised by counsel that because PwC had suspended its efforts to
complete the audit work in preparation for its issuance of an audit opinion on the 2008 financial
statements, the Company was required to close the Fund to any new investors, and the Fund did
so, also as of February 4, 2010.  The February 4 Letter, distributed to all current investors,
including the Retirement System, announced the suspension of redemptions and disclosed the

DECLARATION OF EDMUND P. BERGAN – 6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

73288-0001/LEGAL17992622.1

SEC investigation. (The February 4 Letter is attached as Exhibit G to the Carter Declaration in support of Plaintiff's motion.) Although Epsilon II is not a target of the SEC investigation, its affiliate Westford Fund is a subject of the inquiry. Substantially all of Epsilon II's assets are invested in Westford Fund. This is so because, under the abnormal credit market conditions that have existed since 2008, it is the Manager's judgment that the most attractive available investment opportunities are the "structured securities" and "alternative lending" strategies that make up Westford Fund's portfolio. As it would be impracticable for a small fund such as Epsilon II to duplicate Westford Fund's portfolio composition without excessive administrative and transaction costs which would be borne by Epsilon II and its shareholders, the decision was made to invest Epsilon II directly into Westford Fund. Needless to say, Westford Fund pays no fee to Westford with respect to Epsilon II's investment in Westford Fund, and thus Epsilon II pays only the single management fee that it would pay in any case.

13.  <u>2008 Audited Financial Statements Likely Available in May 2010</u>. As referenced in the February 4 Letter, on December 8, 2009 PwC advised me that it had suspended work on the 2008 Annual Report because the partner and the senior audit manager in charge of that and prior audits had been requested to testify to the Staff of the SEC.  I was informed by PwC yesterday, however, that those interviews were completed last week to PwC's comfort and satisfaction and, as a result, PwC is now willing to resume work on the 2008 Annual Report and indeed to work on an aggressive schedule to complete it.  I currently expect that the audited financial statement for 2008 will be available in May 2010.

14.  <u>Statements of Account</u>. The Retirement System has received monthly Statements of Account from Epsilon II's independent Administrator showing the value of its investment. The most recent statement was issued as of January 13, 2010  Attached as Exhibit 5 are true and correct copies of all such statements issued since as of January 31, 2009. Further annexed, as Exhibit 6, which sets forth monthly net asset value per share calculations for Epsilon II, including one for February 2010 which indicates that the Company's net asset value per share

DECLARATION OF EDMUND P. BERGAN – 7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

appreciated slightly during that month. As I am unaware of any substantial depreciation suffered by Epsilon II during March of this year, it is my belief that as of today, the Retirement System's account is valued at approximately $24,000,000. In other words, the Retirement System's Account has appreciated in value over the past several years rather than declining in value from the amount of the original investments.

15.   No Right to Additional Materials. The Retirement System is not entitled to any materials or documentation other than what is provided for in the Articles of Association and in the Offering Memoranda. Specifically, the Retirement System is not entitled to receive copies of all the voluminous and confidential information that has been provided to PwC during the past fifteen months in connection with its audit of the Company's 2008 Financial Statements. Retrieval of such information and production thereof to the Retirement System would be a task costing millions of dollars in direct, time and opportunity costs, and bears no rational relation whatsoever to any legitimate concern or objective of the Retirement System. Moreover, like a great many such unregistered investment companies, Epsilon II is not required to, and does not under any circumstances, disclose its portfolio positions to investors or any other persons. This policy is carefully explained to each new investor in any fund sponsored by the Manager or Westford. If any Epsilon II or any other fund (such as Westford Fund) sponsored by the manager or Westford were to disclose its investment portfolio to the Retirement System or any other investor, both the fund and the investor could be deemed to have engaged in the selective disclosure and receipt of material non-public fund portfolio information in violation of both the antifraud provisions of the U.S. federal securities laws, which in this regard have been interpreted by the SEC to replicate specific rulemaking adopted by the SEC in 2004 with respect to registered investment companies such as mutual funds.

16.   Redemption Rights. The directors of Epsilon II suspended the redemption of shares, effective February 4, 2010, based on two provisions that are set forth in both the Articles of Association and in the Offering Memorandum, as follows:

DECLARATION OF EDMUND P. BERGAN – 8.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

73288-0001/LEGAL17992622.1

a. Inability to accurately ascertain the value of the Company's assets; and

b. Occurrence of a state of affairs, in the judgment of the directors, that constituted an emergency which would render disposition of the Fund's assets impracticable or which would be seriously prejudicial to the Company's Members.

17.     <u>No Right to Redeem Shares During Period of Suspension</u>. Although the Retirement System provided a notice of redemption prior to the Company's suspension of redemptions, the suspension occurred prior to the date on which shares would have been redeemed (i.e., the "Redemption Date," which is defined as the last day of each calendar quarter, if written notice is provided at least 45 days prior). Accordingly, under the Articles and pursuant to the terms of the Offering Memoranda, those shares are not redeemable until the suspension terminates because no Redemption Date has occurred in the interim.

18.     <u>BVI Legal Counsel</u>. The Company is represented by Harneys, an international offshore law firm with offices in the BVI. The partner at Harneys with whom Epsilon II works most closely is Andrew Thorp.

**I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.**

EXECUTED at New York, New York, this 30th day of March, 2010.

Edmund P. Bergan, Jr.

DECLARATION OF EDMUND P. BERGAN – 9

# EXHIBIT E

# EPSILON GLOBAL ACTIVE VALUE FUND II LTD.

Maximum Capitalization: 10,000,000 Shares
Minimum Investment: US $2,000,000

## CONFIDENTIAL OFFERING MEMORANDUM

THE DIRECT OR INDIRECT OFFER AND/OR SALE OF SHARES
OF EPSILON GLOBAL ACTIVE VALUE FUND II LTD. TO CITIZENS
NATIONAL OR RESIDENTS OF, OR INSTITUTIONS OR OTHER
ENTITIES ORGANIZED, CHARTERED OR RESIDENT IN, THE
UNITED STATES OF AMERICA, WITH THE EXCEPTION OF
CERTAIN QUALIFIED TAX EXEMPT ENTITIES IS EXPRESSLY
PROHIBITED

The date of this offering memorandum is 1 January 2009

## SUMMARY OF THE CONFIDENTIAL OFFERING MEMORANDUM

THE FOLLOWING IS A SUMMARY OF THIS CONFIDENTIAL OFFERING MEMORANDUM (THE "MEMORANDUM"). THIS SUMMARY IS QUALIFIED IN ITS ENTIRETY BY THE MORE DETAILED INFORMATION APPEARING ELSEWHERE HEREIN, AND THE DESCRIPTION OF ANY DOCUMENT IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO SUCH DOCUMENT. AN INVESTMENT IN THE FUND IS SPECULATIVE AND INVOLVES SUBSTANTIAL RISKS. EACH SHAREHOLDER MAY LOSE HIS ENTIRE INVESTMENT (INCLUDING ANY PROFITS, WHETHER OR NOT DISTRIBUTED). SEE "RISK FACTORS."

### The Fund

Epsilon Global Active Value Fund II Ltd. (the "Fund") is a corporation formed under the laws of the British Virgin Islands. All assets of the Fund are, and the proceeds from the sale of additional Shares of Common Stock in the Fund will be, invested through a "master-feeder" fund structure in Epsilon Global Master Fund II, L.P., a limited partnership formed under the laws of the Cayman Islands ("Master Fund"). The General Partner of the Master Fund is Epsilon Global Asset Management Ltd. ("the General Partner"), a corporation formed under the laws of the Cayman Islands. Other "feeder funds" investing in the Master Fund include Epsilon Global Active Value Fund II, L.P., and Epsilon Global Active Value Fund II-B, L.P., each a U.S. partnership organized for U.S. investors. Other investment vehicles may be formed in the future to invest in the Master Fund. Each such investment vehicle will invest in the Master Fund on substantially the same terms and conditions as the Fund and therefore will generally be allocated a proportionate share of the Master Fund's gains, losses and expenses based on their interest in the Master Fund, adjusted for any differences in fees. It is also noted that the Fund is authorized to invest outside of the Master Fund, although it does not currently anticipate that it will do so.

### Investment Objective

The Fund's investment objective is capital appreciation with risk control. The Fund seeks to achieve a superior absolute return by employing various investment strategies.

### Investment Manager

The Investment Manager of the Fund is Epsilon Investment Management L.L.C. (the "Investment Manager" or "Epsilon"), a Delaware limited liability company. Under the direction, supervision and control of the Directors of the Fund or their designee(s), Epsilon will be responsible for recommendations related to the trading and investment decisions of the Fund. The Investment Manager will receive such fees as are agreed to between the Fund and the Investment Manager.

### Directors

The Directors of the Fund are Mr. Steve G. Stevanovich and Mr. Alberto Clodoaldo d'Abreu de Paulo.

### Administrator

Equinoxe Alternative Investment Services (Ireland) Limited ("Equinoxe") serves as the Fund's Administrator, and will communicate with the Fund's shareholders.

### Auditors

The Fund's books of account will be audited each year by the Fund's independent auditors, PricewaterhouseCoopers.

### Prime Broker & Custodian

The Fund's principal prime broker and custodian is Goldman Sachs & Co., New York.

### Indemnification

Neither the Administrator, the Investment Manager, nor any of their respective officers, directors, employees or agents ("Indemnified Parties"), shall be liable, in damages or otherwise, to the Fund or the Shareholders for any act or omission performed or omitted by any of them unless such act or omission results from willful misconduct, fraud or bad faith. The Fund will indemnify and hold harmless all Indemnified Parties from and against any and all claims or liabilities of any nature whatsoever, including attorneys' fees, arising out of or in connection with any action taken or

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Petters Company, Inc., et al.,
     Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under
Case No. 08-45257**

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

---

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtors Petters Company, Inc. and
PL Ltd., Inc.,
     Plaintiff,
vs.

Westford Special Situations Master Fund, L.P.;
et al.,
     Defendants.

ADV. NO. 10-04396

---

## ORDER GRANTING MOTION TO DISMISS OF
## DEFENDANT EPSILON GLOBAL ACTIVE VALUE FUND II, LTD.

The above-entitled matter came on for hearing before the undersigned on the motion of

Defendant Epsilon Global Active Value Fund II, Ltd. ("Epsilon II Feeder Fund") for dismissal of

Plaintiff's claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Appearances, if any, were noted in the record.  Based on all the files, records and proceedings herein:

IT IS ORDERED that the motion to dismiss of Epsilon II Feeder Fund is granted.

IT IS FURTHER ORDERED that Plaintiff's claims against Epsilon II Feeder Fund are hereby dismissed in their entirety with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:

_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Petters Company, Inc., et al.,
                          Debtors.

(includes:
Petters Group Worldwide, LLC;
PC Funding, LLC;
Thousand Lakes, LLC;
SPF Funding, LLC;
PL Ltd., Inc.;
Edge One LLC;
MGC Finance, Inc.;
PAC Funding, LLC;
Palm Beach Finance Holdings, Inc.)

**Jointly Administered under**
**Case No. 08-45257**

Court File No. 08-45257

Court Files Nos.:
08-45258 (GFK)
08-45326 (GFK)
08-45327 (GFK)
08-45328 (GFK)
08-45329 (GFK)
08-45330 (GFK)
08-45331 (GFK)
08-45371 (GFK)
08-45392 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtors Petters Company, Inc. and
PL Ltd., Inc.,
                          Plaintiff,
vs.                                                    ADV. NO. 10-04396

Westford Special Situations Master Fund, L.P.;
et al.,
                          Defendants.

**CERTIFICATE OF SERVICE**

    I, Marcus A. Ploeger, certify that on February 18, 2011, I caused the Notice of Hearing and Motion to Dismiss of Defendant Epsilon Global Active Value Fund II, Ltd. to be electronically filed with the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to the following per the Court's mailing list provided through ECF:

- Adam C Ballinger    aballinger@lindquist.com, ddavis@lindquist.com
- Theodore T Chung    ttchung@jonesday.com
- Tara A Fumerton    tfumerton@jonesday.com, daralevinson@jonesday.com

- Kirstin D. Kanski    kkanski@lindquist.com, cfunk@lindquist.com
- Tobias S Keller    tkeller@jonesday.com
- David C Kiernan    dkiernan@jonesday.com
- Robert T. Kugler    robert.kugler@leonard.com, ma.xiong@leonard.com
- Mark D Larsen    mlarsen@lindquist.com, ddaun@lindquist.com
- James A. Lodoen    jlodoen@lindquist.com, gluessenheide@lindquist.com
- Daniel E Reidy    dereidy@jonesday.com, Ma.Xiong@leonard.com
- Jeffrey D. Smith    jsmith@lindquist.com, ddavis@lindquist.com
- Daryle Uphoff    duphoff@lindquist.com

I further certify that I caused a copy of the foregoing documents to be sent via U.S. Mail to the following non-ECF participants:

Capital Strategies Fund Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Active Value Fund II, Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Active Value Fund I-B, Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Active Value Fund II-B, Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Active Value Fund II-G, L.P.
National Registered Agents
160 Greentree Drive
Suite 101
Dover, DE 19904

Epsilon Global Active Value Fund II-G, Ltd.

HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Active Value Fund III Ltd
c/o Steve Goran Stevanovich
7521 Isla Verde Way
Delray Beach, FL 33446

Epsilon Global Active Value Fund III Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Active Value Fund, Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Asset Management, Ltd.
PO Box 309, Ugland House
South Church Street
George Town
Grand Cayman, KY1-1104

Epsilon Global Master Fund II, L.P.
PO Box 309, Ugland House
South Church Street
George Town
Grand Cayman, KY1-1104

Epsilon Global Master Fund III - Structured Strategies, L.P.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Epsilon Global Master Fund III - Structured Strategies, L.P.
c/o Steve Goran Stevanovich
7521 Isla Verde Way
Delray Beach, FL 33446

Epsilon Global Master Fund L.P.
PO Box 309, Ugland House
South Church Street
George Town
Grand Cayman, KY1-1104

Epsilon Investment Management, LLC
First Canadian Place
100 King Street West
Suite 5715
Toronto M5X 1 A9, Ontario

Stafford Towne, Ltd
c/o HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola

Stafford Towne, Ltd.
7280 W. Palmetto Park Road
Boca Raton, FL 33433

Westford Asset Management, LLC
First Canadian Place
100 King Street West
Suite 5715
Toronto M5X 1 A9, Ontario

Westford Global Asset Management, Ltd.
PO Box 309, Ugland House
South Church Street
George Town
Grand Cayman, KY1-1104

Westford Special Situations Fund Ltd.
HWR Services Limited
Craigmuir Chambers
PO Box 71
Road Town, Tortola,

Dated:  February 18, 2011         _____*/e/ Marcus A. Ploeger*_____
                                     Marcus Ploeger