## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                          **Jointly Administered under**
                                                **Case No. 08-45257**
    Petters Company, Inc., et al.,

            Debtors.                    Court File No. 08-45257

  (includes:
Petters Group Worldwide, LLC;                   Court Files Nos.:
PC Funding, LLC;                                08-45258 (GFK)
Thousand Lakes, LLC;                            08-45326 (GFK)
SPF Funding, LLC;                               08-45327 (GFK)
PL Ltd., Inc.;                                  08-45328 (GFK)
Edge One LLC;                                   08-45329 (GFK)
MGC Finance, Inc.;                              08-45330 (GFK)
PAC Funding, LLC;                               08-45331 (GFK)
Palm Beach Finance Holdings, Inc.)              08-45371 (GFK)
                                                08-45392 (GFK)

                                                Chapter 11 Cases
                                                Judge Gregory F. Kishel

Douglas A. Kelley, in his capacity as the
court-appointed Chapter 11 Trustee of
Debtor Petters Company, Inc., et al.

          Plaintiff,

v.                                              Adv. Case Nos.:

Vlahos, et al.;                                 10-04201
Redstone Limited Partnership;                   10-04202
Redstone American Grill, Inc.;                  10-04203
Edgebrook, Inc.;                                10-04204
Aron;                                           10-04205
Kanios, et al.;                                 10-04206
Hagan;                                          10-04207
Lynn Isaac, et al.;                             10-04209
George Isaac, et al.;                           10-04210
Papadimos;                                      10-04211
Svigos;                                         10-04212
Kenney;                                         10-04225
High Plains Investment LLC;                     10-04250
Hauser;                                         10-04254

| | |
|---|---|
| Hayden Fleming, et al.; | 10-04255 |
| Miller, et al.; | 10-04256 |
| Patrick Fleming, et al.; | 10-04257 |
| McCarthy, et al.; | 10-04262 |
| Allanson; | 10-04263 |
| Brennan; | 10-04264 |
| Kenneth Colvin, et al.; | 10-04266 |
| Electric Motor Supply Co.; | 10-04267 |
| Steve Feneis; | 10-04268 |
| Kabe; | 10-04273 |
| Caruso; | 10-04274 |
| Dan G. Feneis, et al.; | 10-04275 |
| Kuperus; | 10-04277 |
| Kyriakides; | 10-04278 |
| Jane Slobodyanuk; | 10-04280 |
| Slava Slobodyanuk; | 10-04281 |
| Miller Companies, Inc.; | 10-04282 |
| Kerbel, et al.; | 10-04284 |
| Challenge Printing; | 10-04290 |
| Overstock.com; | 10-04292 |
| Alper; | 10-04293 |
| Mansour, et al.; | 10-04296 |
| Opportunity Finance, LLC, et al.; | 10-04301 |
| Larry Colvin, et al.; | 10-04310 |
| Kimberlee Colvin, et al.; | 10-04311 |
| Metro I, LLC, et al.; | 10-04328 |
| Carter; | 10-04337 |
| Engels; | 10-04338 |
| Danko; | 10-04339 |
| McGaunn; | 10-04340 |
| Salmen; | 10-04341 |
| Phelps; | 10-04342 |
| Miller; | 10-04343 |
| Anderson; | 10-04344 |
| Ting; | 10-04345 |
| Riedl; | 10-04346 |
| Mau; | 10-04347 |
| Margolis; | 10-04348 |
| Metro Gem, Inc., et al.; | 10-04352 |
| Thomas Shimoji and Company, Ltd.; | 10-04354 |
| Circle F Ventures, LLC; | 10-04355 |
| Joe; | 10-04358 |
| Tesar; | 10-04359 |
| Dorsey; | 10-04360 |
| O'Brien; | 10-04361 |
| Honig; | 10-04362 |

| | |
|---|---|
| Sarenpa; | 10-04363 |
| Pernula; | 10-04366 |
| Schmit; | 10-04367 |
| Opportunity Finance, LLC; | 10-04375 |
| Toshi Investments, Ltd.; | 10-04378 |
| Idlewild Properties, LLC; | 10-04380 |
| Knoblach, et al.; | 10-04382 |
| Wright; | 10-04385 |
| Schopper; | 10-04391 |
| Monighan; | 10-04395 |
| Westford Special Situations Master Fund, L.P., et al.; | 10-04396 |
| Zhang; | 10-04402 |
| Lagermeier; | 10-04403 |
| Clayton; | 10-04405 |
| Hardy; | 10-04408 |
| Ratliff; | 10-04409 |
| Dunlap; | 10-04410 |
| Morgan; | 10-04415 |
| General Electric Capital Corporation; | 10-04418 |
| Romenesko; | 10-04419 |
| Associated Bank; | 10-04422 |
| Kenneth Johnson; | 10-04423 |
| Hodge; | 10-04425 |
| Lancer Financial Services, LLC, et al.; | 10-04427 |
| Cohen Partnership, et al.; and | 10-04431 |
| Ritchie Capital Management, L.L.C., et al., | 10-04440 |

Defendants.

## ERRATA AMENDMENT TO SECTION II.B.1.(a) OF OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Douglas A. Kelley, Trustee of the above-captioned debtors hereby submits this errata amendment to Section II.B.1.(a) of the *Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss* (the "Omnibus Brief").

The citation to *McDaniel v. United Hardware Distrib. Co.*, which is cited in II.B.1.(a) and elsewhere, inadvertently cited to the year 1996, and it should have been 1991.

In addition, a portion of a paragraph of Section II.B.1.(a) of the Omnibus Brief was mistakenly deleted in the editing process. Section II.B.1.(a) beginning on page 22 should read as follows (a compare version of this section is attached as Exhibit A for the Court's ready reference):

**II.** **The Trustee's Fraudulent Transfer Claims Are Timely and the Trustee Is Authorized to Pursue Recovery of Fraudulent Transfers Made Throughout the Duration of the Petters Ponzi Scheme.**

    **B.** **The Controlling Limitations Period Is Minnesota Statutes § 541.05, Subd. 1(6).**

        **1.** **The Minnesota Uniform Fraudulent Transfer Act Is a Codification of Minnesota Common Law, Rendering Minnesota Statutes § 541.05, Subd. 1(2) Inapplicable.**

            **(a)** **Minnesota Statutes § 541.05, Subd. 1(2) Applies to Liability that Would Not Exist but for a Statute.**

The Minnesota Supreme Court has held that subdivision 1(2) was not intended by the legislature to cover statutory causes of action if the statute is merely a codification of preexisting common law. *McDaniel v. United Hardware Distrib. Co.*, 469 N.W.2d 84, 85-86 (Minn. 1991). That is precisely what MUFTA is—a codification of common law, rendering subdivision 1(2) inapplicable.

In *McDaniel*, the Minnesota Supreme Court analyzed a cause of action to determine the appropriate statute of limitations to apply to the claim. *Id.* The court held that Minnesota Statutes § 541.05, subd. 1(2) does *not* apply to "liabilities existing at common law which have been recognized by statute." *Id.* at 85. Finding that the subject cause of action was not a codification of the common law, but was created by statute, the court held that the limitations period in Minnesota Statutes § 541.05, subd. 1(2) applied to the claim. *Id.* at 85-86. *See Manteuffel v. City of N. St. Paul*, 570 N.W.2d 807, 812 (Minn. Ct. App. 1997) (applying

*McDaniel* test); *Snesrud v. Instant Web, Inc.*, 484 N.W.2d 423, 427 (Minn. Ct. App. 1992) (same).

      *McDaniel* therefore requires an analysis of the origin of a cause of action to determine whether the general limitations period in Minnesota Statutes § 541.05, subd. 1(2), applies. In establishing the test in *McDaniel*, the Minnesota Supreme Court relied on the New York Court of Appeals' decision in *Aetna Life & Casualty Co. v. Nelson*, 67 N.Y.2d 169 (1986). In *Aetna*, the New York Court of Appeals considered the applicability of the New York counterpart to Minnesota Statutes § 541.05, subd. 1(2), the limitations period pertaining to liability created by statute. The Court stated, "we have consistently held the statute . . . only governs liability which would not exist but for a statute. It does not apply to liabilities existing at common law which have been recognized or implemented by statute. Thus, if the [statute] merely codifies or implements an existing liability, the [limitations period applicable to liability created by statute] would be inapplicable." *Id.* at 174 (citations omitted). The Second Circuit Court of Appeals applied the *Aetna* test to a claim under New York's fraudulent conveyance statute in *Orr v. Kinderhill Corp.*, 991 F.2d 31, 34-35 (2d Cir. 1993). The question in *Orr* was whether the New York three-year limitations period applicable to actions on liability created by statute applied to the fraudulent conveyance claim. The court held the statutory liability limitations period did not apply to the claim. The limitations period

        'does not apply to liabilities existing at common law which have been recognized or implemented by statute.' Rather, [the limitations period] applies only when a statute creates a new liability that did not exist at common law and would not exist but for the statute. Moreover, 'the statute must be essential to the cause of action [and] . . . the statutory liability must truly be new.' That the statute merely enlarges the common law scheme of liability or grants additional remedies is insufficient to bring it within [the limitations period].

*Id*. at 34 (citations omitted).  Noting that fraudulent conveyance actions were common in New York long before the state's fraudulent conveyance statute was enacted, the court concluded the limitations period applicable to liability created by statute did not apply to the claim.  Rather, the Court held New York's six-year limitations period applied.  *Id*. at 36.

DATED: June 13, 2011                      **LINDQUIST & VENNUM p.l.l.p.**

By: /e/ James A. Lodoen
Daryle L. Uphoff (#0111831)
James A. Lodoen (#173605)
George H. Singer (#0262043)
Michael D. Olafson (#0156693)
Terrence J. Fleming (#012883)
Mark D. Larsen (#0318498)
Sandra Smalley-Fleming (#0296983)
Kirstin D. Kanski (#0346676)
Adam C. Ballinger (#0389058)

4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-3211
Facsimile:  (612) 371-3207
E-Mail Addresses:
duphoff@lindquist.com
jlodoen@lindquist.com
gsinger@lindquist.com
molafson@lindquist.com
tfleming@lindquist.com
mlarsen@lindquist.com
ssmalley-fleming@lindquist.com
kkanski@lindquist.com
aballinger@lindquist.com

**ATTORNEYS FOR
DOUGLAS A. KELLEY,
CHAPTER 11 TRUSTEE OF
PETTERS COMPANY, INC., ET AL.**

DATED: June 13, 2011

**KELLEY, WOLTER & SCOTT, P.A.**

By: /e/ Kevin M. Magnuson
Steven E. Wolter (#170707)
Stacy L. Kabele (#0273673)
Patricia A. Pedersen (#0240205)
Kevin M. Magnuson (#0306599)

431 South Seventh Street
Suite 2530
Minneapolis, MN  55414
Telephone: (612) 371-9090
Facsimile:  (612) 371-0574
E-Mail Addresses:
swolter@kelleywolter.com
skabele@kelleywolter.com
ppedersen@kelleywolter.com
kmagnuson@kelleywolter.com

**ATTORNEYS FOR**
**DOUGLAS A. KELLEY,**
**CHAPTER 11 TRUSTEE OF**
**PETTERS COMPANY, INC., ET AL.**

EXHIBIT A

**II.    The Trustee's Fraudulent Transfer Claims Are Timely and the Trustee Is Authorized to Pursue Recovery of Fraudulent Transfers Made Throughout the Duration of the Petters Ponzi Scheme.**

      **B.    The Controlling Limitations Period Is Minnesota Statutes § 541.05, Subd. 1(6).**

            **1.    The Minnesota Uniform Fraudulent Transfer Act Is a Codification of Minnesota Common Law, Rendering Minnesota Statutes § 541.05, Subd. 1(2) Inapplicable.**

                  **(a)    Minnesota Statutes § 541.05, Subd. 1(2) Applies to Liability that Would Not Exist but for a Statute.**

The Minnesota Supreme Court has held that subdivision 1(2) was not intended by the legislature to cover statutory causes of action if the statute is merely a codification of preexisting common law.  *McDaniel v. United Hardware Distrib. Co.*, 469 N.W.2d 84, 85-86 (Minn. ~~1996~~1991).  That is precisely what MUFTA is—a codification of common law, rendering subdivision 1(2) inapplicable.

In *McDaniel*, the Minnesota Supreme Court analyzed a cause of action to determine the appropriate statute of limitations to apply to the claim.  *Id.*  The court held that Minnesota Statutes § 541.05, subd. 1(2) does *not* apply to "liabilities existing at common law which have been recognized by statute." *Id.* at 85.  Finding that the subject cause of action was not a codification of the common law, but was created by statute, the court held that the limitations period in Minnesota Statutes § 541.05, subd. 1(2) applied to the claim.  *Id.* at 85-86.  *See Manteuffel v. City of N. St. Paul*, 570 N.W.2d 807, 812 (Minn. Ct. App. 1997) (applying *McDaniel* test); *Snesrud v. Instant Web, Inc.*, 484 N.W.2d 423, 427 (Minn. Ct. App. 1992) (same).

*McDaniel* therefore requires an analysis of the origin of a cause of action to determine whether the general limitations period in Minnesota Statutes § 541.05, subd. 1(2), applies.  In establishing the test in *McDaniel*, the Minnesota Supreme Court relied on ~~a~~the New York Court of Appeals' decision in *Aetna Life & Casualty Co. v. Nelson*, 67 N.Y.2d 169 (1986). In *Aetna*, the

New York Court of Appeals considered the applicability of the New York counterpart to Minnesota Statutes § 541.05, subd. 1(2), the limitations period pertaining to liability created by statute. The Court stated, "we have consistently held the statute . . . only governs liability which would not exist but for a statute. It does not apply to liabilities existing at common law which have been recognized or implemented by statute. Thus, if the [statute] merely codifies or implements an existing liability, the [limitations period applicable to liability created by statute] would be inapplicable." *Id*. At 174 (citations omitted). The Second Circuit Court of Appeals ~~case that~~ applied ~~a similar analysis~~the *Aetna* test to a claim under New York's fraudulent conveyance statute in *Orr v. Kinderhill Corp.*, 991 F.2d 31, 34-35 (2d Cir. 1993).  The question in *Orr* was whether the New York three-year limitations period applicable to actions on liability created by statute applied to the fraudulent conveyance claim.  The court held the statutory liability limitations period did not apply to the claim.  The limitations period

> 'does not apply to liabilities existing at common law which have been recognized or implemented by statute.'  Rather, [the limitations period] applies only when a statute creates a new liability that did not exist at common law and would not exist but for the statute.  Moreover, 'the statute must be essential to the cause of action [and] . . . the statutory liability must truly be new.'  That the statute merely enlarges the common law scheme of liability or grants additional remedies is insufficient to bring it within [the limitations period].

*Id*. at ~~36~~34 (citations omitted).  Noting that fraudulent conveyance actions were common in New York long before the state's fraudulent conveyance statute was enacted, the court concluded the limitations period applicable to liability created by statute did not apply to the claim.  Rather, the Court held New York's six-year limitations period applied.  *Id*. at 36.